THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WENJIE XIE,**<br><br>                              Plaintiff,<br><br>v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",**<br><br>                              Defendants. | **Civil Action No.: 24-cv-11674** |

**COMPLAINT**

This is an action for copyright infringement in which Wenjie Xie ("Plaintiff") accuses the Entities and Individuals identified in Annex "A" ("Defendants") of Copyright Infringement under 17 U.S.C. §501, alleging as follows:

**PARTIES**

1. Plaintiff is an individual residing at [REDACTED].

2. Plaintiff is an [REDACTED], and Plaintiff has spent the past few years focused on creating [REDACTED].

3. Plaintiff has poured passion and precision into [REDACTED].

4. Plaintiff's [REDACTED] have been displayed and sold [REDACTED].

5. Plaintiff sought protection [REDACTED] and is the owner of [REDACTED], one of which is the subject of this action, U.S. Copyright Reg. No. [REDACTED] (the "Plaintiff's Copyright"). *See* **Exhibit A**.

1

6. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the Plaintiff's Copyright. Over time, Plaintiff has invested heavily in the products covered by the Plaintiff's Copyright.

7. Plaintiff discovered that numerous sellers on various platforms are misappropriating Plaintiff's Copyright and selling illegal and unauthorized reproductions and/or derivatives of Plaintiff's Copyright.

8. Plaintiff has lost significant sales, goodwill, quality control, reputation, and right to exclusivity based on the misappropriation of Plaintiff's Copyright by Defendants.

9. Defendants are individuals and entities who sell and/or offer to sell products that infringe Plaintiff's Copyright (the "Infringing Products") through various "storefronts" via online retail websites accepting U.S. Dollars. Upon information and belief, Defendants reside and operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10. Upon information and belief, Defendants receive or purchase the Infringing Products from one or more major manufacturers in China. The identities of the major manufacturers remain unknown to Plaintiff.

11. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Annex "A" attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

12. At present, Defendants use different nondescript seller aliases and can only be identified through their storefronts and other limited publicly available information. No credible information regarding Defendants' physical addresses is provided. Plaintiff will voluntarily amend its Complaint as needed if Defendants provide additional credible information regarding their identities.

## DEFENDANTS' UNLAWFUL CONDUCT

13. According to FY 2021 Intellectual Property Right Seizure Statistics report by U.S. Customs and Border Protection ("CBP"), 51% of the total number of seizure lines originated from mainland China and Hong Kong. **Exhibit C**, FY 2021 Intellectual Property Right Seizure Statistics report.

14. Third party online platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit D**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020). "At least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary." **Exhibit E**, Combating Trafficking in Counterfeit and Pirated Goods prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans. Because these online platforms generally do not require a seller to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *Id*. at 39.

15. Defendants utilize substantially similar advertising and marketing strategies in concert. Defendants' e-commerce stores operating under the Seller Aliases appear sophisticated and accept

payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. Defendants' e-commerce stores operating under the Seller Aliases include content and images that make it very difficult for consumers to distinguish such stores from Plaintiff's legitimate products. Many of the Defendants employ the same product images and sell identical products.

16. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

17. E-commerce store operators like Defendants regularly register new seller aliases for the purpose of offering for sale and selling infringing products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down. Even after being shut down, such e-commerce store operators may simply register another storefront under another seller alias, create a new email address, and continue to sell the infringing products. Indeed, business records and discovery from similar cases show many Seller Aliases are even owned and operated by the same individuals or entities.

18. Defendants use many fake names, but their e-commerce stores have common identifiers, such as similar templates that hide any contact or identification information. Their stores also have other shared features, such as the same registration, payment, check-out, keywords, advertising, price, quantity, grammar, spelling, text, and images. Moreover, the products they sell are not authorized and have similar flaws, which implies that they come from the same source and that Defendants are connected.

19. Upon information and belief, Defendants use different fake names and payment accounts to keep selling despite Plaintiff's actions. They also have bank accounts outside this Court's reach and may move money there to avoid paying any monetary judgment to Plaintiff. Indeed, financial records from similar cases show that off-shore sellers regularly transfer money from U.S. accounts to foreign ones so as to avoid payments in the event such Seller Aliases are shut down.

20. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

21. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendants' Seller Aliases ("Defendant Internet Stores"). Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products containing Plaintiff's Copyright to consumers within the United States and this District.

22. Upon information and belief, Defendants will likely continue to sell and offer for sale products containing Plaintiff's intellectual property, namely products containing in whole, or in part, Plaintiff's Copyright, unless preliminarily and permanently enjoined.

23. Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others due the low risk and high reward.

24. The natural and intended consequence of Defendants' actions is the erosion and destruction of the goodwill and reputation associated with Plaintiff's Copyright, where the marketplace and sales are destroyed based on the rapid influx of counterfeit products in the 'swarm' or series of occurrences.

5

25. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

26. Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale Plaintiff's Copyright for financial benefit by, without limitation, reproducing Plaintiff's Copyright online and/or products bearing copies of Plaintiff's Copyright for commercial benefit, including without limitation, through Defendants' Internet Stores.

27. Defendants are using identical copies of Plaintiff's Copyright on Infringing Products. True and correct screen captures depicting Defendants' unauthorized use are shown in **Exhibit B**.

28. Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites.

29. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods, (ii) causing an overall degradation of the value associated with [REDACTED], and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers.

30. Upon information and belief, Defendants facilitate sales by designing their platform accounts so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine products bearing Plaintiff's Copyright.

31. Upon information and belief, at all times relevant hereto, Defendants had direct or constructive knowledge of Plaintiff's ownership of Plaintiff's Copyright, including its exclusive right to use and license such Plaintiff's Copyright, through Plaintiff's published registrations and sale of [REDACTED].

32. Defendants' use of Plaintiff's Copyright, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Plaintiff's consent or authorization.

33. Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

34. Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

35. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

36. Plaintiff has no adequate remedy at law.

## JURISDICTION AND VENUE

37. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq., under 28 U.S.C. §§ 1331 and 1338(a), (b).

38. Defendants are subject to personal jurisdiction in this District because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the Internet-based e-commerce stores accessible in Illinois.

39. Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names

and/or the Seller Aliases identified in Annex "A" attached hereto (collectively, "Defendants" or "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiff's Copyright. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities.

40. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

41. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

42. Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

**JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER**

43. Defendants are promoting, selling, offering for sale and distributing goods bearing identical or strikingly similar imitations of Plaintiff's Copyright within this District.

44. Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) that permits joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in this action.

45. Joinder of the multiple Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

46. Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

47. Joinder of the multiple Defendants will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

48. Joinder of the multiple Defendants is procedural only and does not affect the substantive rights of any defendant listed on Annex "A" hereto.

49. Plaintiff's claims against the multiple Defendants are all transactionally related and occur in the same series of occurrences.

50. All Defendants' actions are logically related. Defendants need not be the same individual or entity for joinder under Fed. R. Civ. P. 20(a)(2). All Defendants are engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the

9

same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

51. All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid accountability for their activities.

52. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities. All Defendants can easily and quickly transfer or conceal their funds in their use of payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Plaintiff obtains monetary award.

53. All Defendants understand that their ability to profit through anonymous Internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

54. Defendants' business names, associated payment accounts, and any other alias seller names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

55. Defendants are all using infringements of Plaintiff's Copyright to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights.

56. Defendants, through the sale and offer to sell infringing products, are directly and unfairly competing with Plaintiff's economic interests in the state of Illinois and causing Plaintiff harm and damage within this jurisdiction.

## PLAINTIFF'S COPYRIGHT

57. United States Copyright Reg. No. [REDACTED] was duly and legally issued by the United States Copyright Office. A true and correct copy of Plaintiff's Copyright registration, with the respective deposit, is attached hereto as **Exhibit A**.

58. Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to Plaintiff's Copyright.

## COUNT I
## INFRINGEMENT OF PLAINTIFF'S COPYRIGHT

59. Plaintiff re-alleges and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff, an individual, has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to Plaintiff's Copyright.

61. Under 17 U.S.C. § 106, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the United States of the Plaintiff's Copyright.

62. Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's exclusive copyright by creating infringing derivative works, copying, displaying, and/or distributing works to the public based upon Plaintiff's copyrighted works in violation of 17 U.S.C. § 106, as seen in **Exhibit B**.

63. Due to Defendants' infringing behavior as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's Copyright.

64. Defendants' conduct constitutes willful and direct copyright infringement. The virtually identical nature between Plaintiff's Copyright and infringing products sold by Defendants further evidences the willful and direct infringement by Defendants.

65. Due to Defendants', and each of their, acts of infringement, Plaintiff has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

66. The harm caused to Plaintiff is irreparable.

67. Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

68. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## COUNT II
## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

69. Plaintiff re-alleges and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

70. On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of Plaintiff's Copyright. Such conduct included, without limitation, creating derivative works, creating products which use Plaintiff's Copyright, and/or selling such derivative works and

products and that Defendants knew, or should have known, were not authorized to be published by Defendants.

71. On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the distribution, broadcast, and publication of the Infringing Products.

72. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

73. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's Copyright.

74. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. entry of temporary, preliminary, and permanent injunctions, pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith,

from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing Plaintiff's Copyright; from using Plaintiff's Copyright, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of Plaintiff's Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Plaintiff;

2. entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using Plaintiff's Copyright;

3. entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling foods bearing infringements of Plaintiff's Copyright;

4. entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD)

registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs;

5. entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of Plaintiff's Copyright via the ecommerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Product Identification Numbers and the Seller Aliases on Annex "A" attached hereto, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any PIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of Plaintiff's Copyright;

6. entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Infringing Products in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

7. entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public;

8. entry of an Order requiring Defendants to account to and pay Plaintiff actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

9. entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees;

10. entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

11. that Plaintiff be awarded pre-judgment interest as allowed by law; and

12. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

DATED November 13, 2024                    Respectfully submitted,

                                                                                                                   <u>/s/ Ge (Linda) Lei</u>
                                                                                                                   Ge (Linda) Lei
                                                                                                                   203 N. LaSalle St., Suite 2100
                                                                                                                   Chicago, IL 60601
                                                                                                                   Attorney No. 6313341
                                                                                                                   Linda.lei@getechlaw.com
                                                                                                                   312-888-6633

                                                                                                                   *ATTORNEY FOR PLAINTIFF*