**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **WENJIE XIE,** | |
| Plaintiff, | |
| v. | **Civil Action No.:** |
| **THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",** | |
| Defendants. | |

<u>**DECLARATION OF WENJIE XIE**</u>

I, Wenjie Xie, declare, and state as follows:

1.      I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. The following information regarding sales information is accurate to the best of my knowledge.

2.      I am the author of U.S. Copyright Reg. No. VA2404290 (the "Plaintiff's Copyrights"). Attached hereto as **Exhibit A** is a true and correct copy of the registration and deposit.

3.      I am an oil painting artist who has spent the past few years focused on creating a series of paintings featuring gemstone butterflies, including the Plaintiff's Copyright. Plaintiff's Copyright reflects my deep thoughts on life and nature. Butterflies, with their transformation, renewal, and fleeting beauty, serve as a powerful symbol in these pieces. I've poured my passion

1

and precision into every brushstroke, using rich layers of color to bring the butterflies' elegance and the wonders of nature to life on canvas.

4. Throughout the creative process of creating Plaintiff's Copyright, I paid special attention to the use of color and the interplay of light and shadow. The transparent sparkle of gemstones and the vivid hues of butterfly wings intertwine on the canvas, creating a distinctive visual experience. By merging these elements, I aimed to capture the ephemeral yet dazzling moments of nature on canvas, allowing viewers to feel the light and vitality of those fleeting moments.

5. As mentioned, in creating this series of works, I drew deep inspiration from the natural world. Butterflies, as one of the most captivating creatures in nature, always provoke reflection with their brief lives and vivid colors. They symbolize transformation, renewal, and the fleeting nature of beauty, while gemstones represent eternity, resilience, and value. The contrast and fusion between these two elements became the central theme of my work.

6. These paintings of Plaintiff's Copyright have been displayed and sold in my physical studio.

7. When I first started selling these butterfly paintings in my studio, the response was fantastic. Sales were strong, and the studio saw steady growth, especially in the first two quarters after the launch. Sales targets were hit and everything seemed on track. However, sales slowed and I noticed a surge of unauthorized copies in the market in the following quarters.

8. The influx of knock-off copies of Plaintiff's Copyright, along with my other gemstone butterflies, led to a sharp drop in revenue. An overview of the losses is provided below:

a. 2022 (Q1 - Q2): The initial launch was a success, with sales hitting about $75,000 (Q1: 500 pieces + Q2: 1,000 pieces). The return on marketing investments was high, and there was solid profits after costs were covered.

b. 2022 (Q3 - Q4): Once the counterfeit versions appeared, our sales plummeted. There was a 70% drop in revenue across the two quarters, bringing the total down to just $22,000. The marketing and advertising costs couldn't be recovered, and the production cost for each painting, which remained at 200 RMB, combined with rent and other expenses, really squeezed profit margins.

c. 2023 (Q1 - Q4): The piracy issue continued, and there was a growing inventory of unsold paintings while sales kept declining. Each quarter, about 80% of the expected revenue was lost. With each painting's production cost fixed at 200 RMB and the high expenses for advertising and marketing, the profit margins nearly vanished.

d. 2024 (to date): At this point, the series of Plaintiff's Copyrights has pretty much been a financial loss, and it's had a serious impact on the overall health of the art studio as a whole.

9. As mentioned, I have expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the Plaintiff's Copyright. Over time, I have invested heavily in the products covered by the Plaintiff's Copyright.

3

10.     Plaintiff's products protected by the Plaintiff's Copyright have become widely known from their unique elements and features, and as such, the products protected by the Plaintiff's Copyright have become recognized by consumers as high quality products sourced from Plaintiff.  Over time, as discussed above, the products protected by the Plaintiff's Copyright became popular, resulting in multiple seller aliases copying the Plaintiff's Copyright.

11.     I filed this action to combat these Seller Aliases listed on Annex A who are harming me by offering to sell, selling, and shipping unlicensed products that infringe the Plaintiff's Copyright. As shown in **Exhibit B**, each Defendant is actively infringing Plaintiff's Copyright.

12.     I have not entered a contract with or licensing agreement with Defendants for the Plaintiff's Copyright.

13.     Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the damage to control over our rights in the Plaintiff's Copyright, my studio's reputation, associated goodwill of Plaintiff's Copyright, and ability to exploit the protected works. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to my control over the rights in the protected works, their reputation, associated goodwill, and ability to exploit the protected works by acts of infringement.

14.     We are further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the protected works because infringers take away our ability to control the nature and quality of the products featuring Plaintiff's Copyright. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the

protected works, and, in turn, loss of control over my reputation is neither calculable nor precisely compensable.

15.    I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).


I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the 19th day of November, 2024, in Shenzhen, China.


Respectfully submitted,



*Wenjie Xie*
_____
WENJIE XIE

_____