**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **WENJIE XIE,** | |
| Plaintiff, | **Civil Action No.: 24-cv-11674** |
| v. | **Honorable Judge Elaine E. Bucklo** |
| **THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",** | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR
ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY
INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff, Wenjie Xie ("Plaintiff"), by and through its counsel, submits this Memorandum

in support of Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"),

including a temporary injunction, temporary asset restraint, and expedited discovery (the

"Motion").

I.      **INTRODUCTION**

Plaintiff's Motion seeks temporary *ex parte* relief against the Defendants named in

Plaintiff's Complaint for copyright infringement pursuant to the provisions of the Federal

Copyright Act, 17 U.S.C. § 101 *et seq*. (17 U.S.C. § 501). As alleged in Plaintiff's Complaint,

Defendants are selling unauthorized products that are direct copies or derivatives of Plaintiff's

copyrighted work, U.S. Copyright Reg. No. VA 2-404-290 (hereinafter "Plaintiff's Copyright").

Also, Defendants are promoting, advertising, marketing, distributing, and offering for sale,

products featuring infringing copies of Plaintiff's Copyright, through various fully interactive

commercial internet stores identified in Annex "A" to the Complaint (collectively, the "Defendant Internet Stores"). Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off the Plaintiff's valuable rights. Defendants create numerous Defendant Internet Stores to sell products misappropriating Plaintiff's Copyright ("Infringing Products").

Defendants run a sophisticated operation and are reaching out to do business with Illinois residents by operating one or more commercial Internet Stores, through which Illinois residents can and do purchase Infringing Products. See **Exhibit B** showing Defendants' offering for sale of Infringing Products, and how Defendants are actively infringing and stand ready, willing, and able to ship Infringing Products to Illinois, and upon information and belief, Defendants sell and ship of Infringing Product to the State of Illinois. Defendants attempt to avoid liability by going to great lengths to conceal both their identity and the full scope and interworking of their infringing operation. As a result, Plaintiff is forced to file this action to combat this "swarm of attacks" on its copyright rights because "filing individual causes of action against each counterfeiter ignores the form of harm" Plaintiff faces. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020). Defendants' ongoing unlawful acts should be enjoined, and this Court should grant Plaintiff's Motion.

## II. STATEMENT OF FACTS

Plaintiff is an oil painting artist, and Plaintiff has spent the past few years focused on creating a series of paintings featuring gemstone butterflies. *See* Declaration of Wenjie Xie at ¶ 3. Plaintiff is the author and owner of Plaintiff's Copyright. *Id*. at ¶ 2. True and correct copies of the federal registration certificate and deposit for the Plaintiff's Copyright is attached as **Exhibit A**. Plaintiff displays, distributes, and sells products bearing Plaintiff's Copyright. *Id*. at ¶ 6.

Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the Plaintiff's Copyright. *See* Declaration of Wenjie Xie at ¶ 9. Over time, Plaintiff has invested heavily in the products covered by Plaintiff's Copyright. *Id.* As a result, Plaintiff's products protected by Plaintiff's Copyright have become widely known from their unique elements and features, and as such, Plaintiff's products protected by Plaintiff's Copyright have become recognized by consumers as high quality products sourced from Plaintiff. *Id.* at ¶ 10. The widespread fame, outstanding reputation, and significant goodwill associated with Plaintiff's Copyright has made Plaintiff's Copyright an invaluable asset of Plaintiff.

The success of Plaintiff's Copyright products has resulted in the infringing behavior by Defendants looking to quickly capitalize on the successful and protected work. Consequently, Plaintiff has been required to begin responding to these illegal actions to protect the copyright, stop on-going irreparable harm, and discourage future cases of infringement. Among the first occurrences is the Defendants' Internet stores who are offering for sale and selling infringing Plaintiff's Copyright products to consumers in this Judicial District and throughout the United States.

## III.   ARGUMENTS & AUTHORITY

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specifics facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Plaintiff seeking an *ex parte* restraining order must also show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable

harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 92948, at *4 (N.D. Ill. Mar. 27, 2013) (citing *Incredible Techs., Inc. v. Virtual Techs*., *Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "If these requirements are met, the court must then balance the degree of irreparable harm to the Plaintiff against the harm that the defendant will suffer if the injunction is granted." *Deckers*, 2013 U.S. Dist. LEXIS 92948 at *4 (citing Incredible Techs., 400 F.3d at 1011)); *see also Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998). "The court must apply a sliding scale approach in determining whether to issue a temporary restraining order - the more likely the Plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the Plaintiff's position." *Decker*, 2013 U.S. Dist. LEXIS 92948 at *4 (citing *TY, Inc. v. The Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001)). "Lastly, the court must consider the public interest (non-parties) in denying or granting the injunction." *Decker*, 2013 U.S. Dist. LEXIS 92948 at *4.

To note, courts in this District have held that "proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers before temporary injunctive and impoundment relief can be granted." *Columbia Pictures Indus. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996). As such, Plaintiff respectfully requests that this Court issue the requested Motion.

This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq., under 28 U.S.C. §§ 1331 and 1338(a), (b).

Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or

may be found here. Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

Defendants are subject to personal jurisdiction in this District because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the Internet-based e-commerce stores accessible in Illinois. Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Seller Aliases identified in Annex "A" attached hereto (collectively, "Defendants" or "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiff's Copyright. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

A.     **Plaintiff is likely to prevail on the merits of its claims.**

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc*., 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyright – Plaintiff's Copyright. *See* Declaration of Wenjie Xie, ¶ 2; *See* **Exhibit A**. The Infringing Products incorporate and copy Plaintiff's Copyright and are considered unlawful copies and derivatives, and are infringing uses of the distinctive creative content found in Plaintiff's Copyright. In **Exhibit B**, a representative sample of Defendants' Infringing Products is compared to Plaintiff's Copyright, and to provide this Court with evidence from every Defendant, **Exhibits B** also provide screenshot evidence for each Defendants' Infringing Product. Defendants do not have authorization to create unlawful derivatives of Plaintiff's Copyright, copy Plaintiff's Copyright, or use the Plaintiff's Copyright in any other manner that infringes on Plaintiff's exclusive rights. As such, the infringement is clear and establishes that Plaintiff is likely to succeed on the merits of this claim.

B. **Plaintiff will suffer an immediate and irreparable injury.**

In recognition of the irreparable nature of the harm caused by copyright infringement and the aim of the copyright laws to prevent such commercial harm not compensable monetarily, the Copyright Act expressly provides for injunctive relief in order to address infringement. See 17 U.S.C. § 502; *HarperCollins Publishers LLC v. Gawker Media LLC*, 721 F. Supp. 2d 303, 307 (S.D.N.Y. 2010). Where a copyright owner has expended significant resources promoting products

embodying its copyrights and incurs losses resulting from infringement of such copyrights irreparable harm is established. *HarperCollins Publishers, LLC*, 721 F. Supp. 2d at 307; *Ty, Inc. v. GMA Accessories, Inc*., 132 F.3d 1167, 1173 (7th Cir. 1997). A copyright owner's "invest[ment] of substantial time, effort and money into creating the [copyright protected work]" coupled with the likely inability to realize the return on such investment due to infringement of the copyright, supports a finding of irreparable harm. *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 542 (D.N.J. 1999). The sort of irreparable harm resulting from copyright infringement includes damage to the copyright owner's business reputation and right of exclusivity. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1111 (N.D. Ill. 2005).

Plaintiff will suffer an immediate and irreparable injury absent an *ex parte* temporary restraining order. Defendants' Infringing Products deprive Plaintiff of the ability to control the creative content of its copyright, devalues Plaintiff's Copyright by associating it with inferior goods, and undermines the value of the copyright by creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and market for existing work. Without the entry of an *ex parte* restraining order, Defendant will continue to offer infringing goods. Defendant will most likely simply close the accused Internet Stores and open new ones on the same or different platforms, as well as relocate their ill-gotten gains to different payment accounts or even relocate the funds to China or some other foreign jurisdiction. *See* Declaration of Ge (Linda) Lei, ¶ ¶ 4-5. In fact, this district has already specifically recognized that "proceedings against those who deliberately traffic in infringing merchandise is often useless if notice is given to the infringers." *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996). In light of these facts, entry of an *ex parte* restraining order and asset freeze is the only way to stop Plaintiff from suffering an immediate and irreparable

injury, and it is the only way to stop the Defendants from evading Plaintiff's enforcement of its copyright rights.

C.    **The balancing of harms tips in Plaintiff's favor, and the public interest is served.**

Defendants, as knowing and intentional infringers, are entitled to little consideration in terms of balancing the harms. "As willful infringers, Defendants are entitled to little equitable consideration." *Bulgari, S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *21 (N.D. Ill. July 18, 2014) "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 ((citing *Krause Int'l Inc. v. Reed Elsevier, Inc*., 866 F. Supp. 585, 587-88 (D.D.C. 1994)). "This is because '[o]ne who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived.'" *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 (citing *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992)). "Therefore, the balance of harms 'cannot favor a defendant whose injury results from the knowing infringement of the Plaintiff's trademark.'" *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 (citing *Malarkey-Taylor Assocs., Inc. v. Cellular Tele-comms. Indus. Ass'n*, 929 F. Supp. 473, 478 (D.D.C. 1996)). Finally, the "court must apply a sliding scale approach in determining whether [to] issue a temporary restraining order – the more likely the Plaintiff will succeed on the merits, the less the balance of irreparable harm needs to favor the Plaintiff's position." *Tory Burch LLC v. P'ships*, No. 13 C 2059, 2013 U.S. Dist. LEXIS 43173, at *5 (N.D. Ill. Mar. 27, 2013).

Plaintiff has demonstrated an extremely high likelihood of success on the merits. There is absolutely no question at all that the Defendants have committed copyright infringement. As such, the balance of equities weighs most heavily in favor of Plaintiff. Finally, Defendants have blatantly

and willfully engaged in acts of copyright infringement, and as such, "the balance of harms cannot favor" them. *Bulgari*, 2014 U.S. Dist. LEXIS 107218 at * 21. For these reasons alone, this Court should enter an *ex parte* restraining order as well as the requested asset seizure and other relief.

Additionally, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct immediately.

IV. **THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE**

A. **A Temporary Restraining Order immediately enjoining Defendants' unauthorized and unlawful use of Plaintiff's Copyright is appropriate.**

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright..." 17 U.S.C. § 502. Rule 65(b) of the Federal Rules of Civil Procedure also provides that a court may issue a temporary restraining order without notice where facts show that the movant will suffer immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition. Moreover, under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties, such as financial institutions, who are in active concert with the Defendants or who aid and abet Defendants and are given actual notice of the order. Fed. R. Civ. P. 65. The facts in this case warrant such relief.

In relief, Plaintiff seeks a temporary restraining order against the Defendants, enjoining them from making, use, selling, or offering for sale the Infringing Products which infringe upon the Plaintiff's Copyright. As detailed above, Plaintiff has demonstrated a high likelihood of success on the merits, irreparable harm, that the balance of harm tips in their favor, and the public will be best served with injunctive relief.

**B.      Plaintiff is entitled to expedited discovery.**

In addition, Plaintiff seeks expedited discovery to discover which bank systems and payment accounts Defendants use in their infringing operations. The purpose is to identify any additional financial accounts used by the Defendants in order to freeze any assets therein to halt Defendants' infringing activities. "Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, 'except ... when authorized by ... court order.' To determine whether to authorize expedited discovery in a particular case, courts generally apply a 'good cause' standard." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 92948, at *28 (N.D. Ill. Mar. 27, 2013), citing Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). In this case, much like was the case in *Deckers*, "there is good cause to allow for expedited discovery." *Id*. at *28-29. "Because the Defendants in this case are located overseas and have gone to great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiff is unable to discover the Defendants' bank accounts and serve the financial institutions maintaining those accounts." *Id*. In light of this, Plaintiff respectfully requests this Court grant its Motion.

**C.      Preventing the fraudulent transfer of assets is appropriate.**

Furthermore, Plaintiff seeks a temporary asset freeze in order to ensure the availability of permanent relief given the likelihood that the Defendants will simply transfer their assets in an attempt to evade any judgment against them entered by this Court. First, infringing parties regularly transfer funds out of reach of U.S. courts and Plaintiff once they receive notice of a lawsuit. Second, these types of relief have been found wholly appropriate in similar cases by Courts in this District. *See, e.g.*, *Oakley, Inc. v. Does 1-100*, No. 12-cv-9864 (N.D. Ill. Dec. 14,

2012) (Dow, J.) (granting *ex parte* application for temporary restraining order including the transfer of domain names, freezing of Defendants' financial accounts, and service of process by electronic publication and electronic mail); *True Religion Apparel, Inc. v. Does 1-100*, No. 12-cv-9894 (N.D. Ill. Dec. 20, 2012) (Coleman, J.) (same); *Tory Burch LLC v. Zhong Feng, et al.*, No. 12-cv-9066 (N.D. Ill. Nov. 15, 2012) (Bucklo, J.) (same); *Coach, Inc., et al v. Does 1-100*, No. 12-cv-8963 (N.D. Ill. Nov. 15, 2012) (Bucklo, J.) (same); *Tory Burch LLC v. Does 1-100*, No. 12-cv-07163 (N.D. Ill. Sep. 14, 2012) (Lee, J.) (same); *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 92948, at *25-26 (N.D. Ill. Mar. 27, 2013) (same).

The freezing of assets "is also appropriate in this case because Defendants may otherwise transfer their financial assets to overseas accounts, thereby depriving the Plaintiff of final relief." *See Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were profits of the [defendants] made by unlawfully stealing [the Plaintiff's] services, the freeze is appropriate and may remain in place pending final disposition of this case."). Without an asset seizure in place, Defendants are highly likely to simply disappear into the night, leaving Plaintiff and this Court powerless to redress their unlawful acts, and in such cases, numerous courts in this circuit have held that an asset seizure is warranted.

Here, Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of infringing Plaintiff's Copyright-derived products is not impaired. Issuing an *ex parte* restraint will ensure Defendants' compliance.

If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc*., 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its copyright infringement claim, so the Plaintiff is entitled, "subject to the principles of equity, to recover ... defendants' profits." Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

## V.     A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

Federal Rule of Civil Procedure 65(c) states that a "court may issue a preliminary or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The "amount of the bond required by Rule 65(c) rest within the discretion of the trial court." *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989) (*citing Stockslager v. Carroll Elec. Cooperative Corp*., 528 F.2d 949, 951 (8th Cir. 1976). In this case, Plaintiff states that a bond of $10,000 is more than sufficient given that Plaintiff is an individual and will be prejudiced by an unnecessarily high injunction bond and based on "Plaintiff's strong likelihood of success." *Deckers*, 2013 U.S. Dist. LEXIS 92948 at *29.

VI.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court enter the attached

TRO, including the temporary injunction, temporary asset restraint, and expedited discovery.

DATED November 19, 2024                 Respectfully submitted,

                                        /s/ Ge (Linda) Lei
                                        Ge (Linda) Lei
                                        Getech Law LLC
                                        203 N. LaSalle St., Suite 2100,
                                        Chicago, IL 60601
                                        Attorney No. 6313341
                                        Linda.lei@getechlaw.com
                                        312-888-6633

                                        *ATTORNEY FOR PLAINTIFF*