IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENJIE XIE,<br><br>         Plaintiff,<br><br>  v.<br><br>THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",<br><br>         Defendants. | **Civil Action No.: 24-cv-11674**<br><br>**Honorable Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Young B. Kim** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)**

  Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff, Wenjie Xie ("Plaintiff"), respectfully requests this Court to enter an order authorizing service of the Sealed Complaint, the Temporary Restraining Order, and other relevant documents by alternative means, by electronically publishing a link to the said documents, or by sending via e-mail to the e-mail addresses provided for Defendants by third parties that includes the said documents. Plaintiff submits that providing notice via electronic publication or e-mail, along with any notice that Defendants receive from third parties, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

  Defendants have provided no means by which they may be identified or contacted beyond their Marketplace Account name. *See* Declaration of Ge (Linda) Lei, ¶ 9, attached hereto as **Exhibit A**. Upon information and belief, Defendants are an organized group of infringers operating out of the nation of China, as is demonstrated by the account names of Chinese origin. *See Id.* at ¶

1

10. Upon information and belief, Defendants have utilized Amazon.com and other online platforms through a desire to remain anonymous to evade Plaintiff's attempts to police their intellectual property rights and the authority of this Court. As such, Defendants have provided no means through which Plaintiff can effect service other than seeking alternative service as per Fed. R. Civ. P. 4(f)(3). Rule 4(f) provides that serving an individual in a foreign state may be accomplished under three means. First by "any internationally agreed means of service that is reasonable calculated to give notice, such as those authorized by the Hague Convention on the Service of Process Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). Finally, "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

As stated above, upon information and belief, Defendants are of Chinese nationality and have chosen to take advantage of the anonymity provided by Amazon.com and other marketplaces in order to violate Plaintiff's intellectual property rights. As such, Plaintiff seeks leave to serve Defendants via email or electronic publication. Plaintiff believes that this is the means most "reasonably calculated to give notice" and in fact, the only means available for Plaintiff to effect service. In fact, courts in this circuit and numerous other circuits have upheld service by email in circumstances similar to this. *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016) (noting that service by email is not "prohibited by international agreement"); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co*., 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant

located in China by e-mail and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)."); *see also Philip Morris USA v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where on-line stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications"). Furthermore, there is no requirement that Plaintiff attempts service by any other means before seeking alternative service under Fed. R. Civ. P. 4(f)(3).

> The Seventh Circuit has not addressed the issue of whether there is a hierarchy or preference for the method of service under Rule 4(f), nor whether a plaintiff must make any showing to be granted permission to serve under Rule 4(f)(3). In the absence of a directive from the court of appeals, the court finds that Rule 4(f) does not indicate a preference for any method of service. Subsection (f) allows for service "in any manner prescribed by Rule 4(f)," with the exception of one subsection of Rule 4(f)(2). (Emphasis added.) As the Ninth Circuit noted in Rio Properties, there is no indication of a hierarchy in the text or structure of Rule 4(f). The court therefore adopts the reasoning of the Ninth Circuit in Rio Properties, and holds that it is not necessary for plaintiff to attempt service by the Hague Convention prior to seeking permission for alternative service.

*Flava Works, Inc. v. Doe*, No. 12 C 5844, 2013 U.S. Dist. LEXIS 57588, at *17-18 (N.D. Ill. Apr. 19, 2013); *see also issue Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017); *Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010); and *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-cv-564, 2013 U.S. Dist. LEXIS 200012, at *7 (S.D. Ohio Aug. 21, 2013). Plaintiff must simply "make a showing as to why alternative service should be authorized." *Id*. at 18. Here, as shown above, alternative service should be authorized because there is no other means available for Plaintiff to effect service.

3

Finally, as stated above, Plaintiff believes Defendants have used Amazon.com and other online platforms in order to remain anonymous and evade enforcement efforts by trademark, patent, and copyright holders. Importantly, Article 1 of the Hague explicitly states that "[t]his convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, 20 UST 361, TIAS 6638, 658 UNTS 163. As Defendants have intentionally offered their goods for sale on a platform that is designed to offer anonymity, their address and contact information are—by design—unknown. Therefore, the Hague Convention in no way prohibits the alternative service requested by Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail or electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons that shall apply to Defendants in accordance with Federal Rule of Civil Procedure 4(b).

DATED November 19, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Ge (Linda) Lei
　　　　　　　　　　　　　　　　　　　　　　Ge (Linda) Lei
　　　　　　　　　　　　　　　　　　　　　　Getech Law LLC
　　　　　　　　　　　　　　　　　　　　　　203 N. LaSalle St., Suite 2100,
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　　Attorney No. 6313341
　　　　　　　　　　　　　　　　　　　　　　Linda.lei@getechlaw.com
　　　　　　　　　　　　　　　　　　　　　　312-888-6633

　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY FOR PLAINTIFF*