IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENJIE XIE,<br><br>                                          Plaintiff,<br><br>                                            v.<br><br>THE ENTITIES AND INDIVIDUALS<br>IDENTIFIED IN ANNEX "A",<br><br>                                          Defendants. | Civil Action No.: 24-cv-11674<br><br>Honorable Judge Elaine E. Bucklo<br><br>Magistrate Judge Young B. Kim |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff Wenjie Xie ("PLAINTIFF") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Annex "A" to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Annex "A" (the "Defendant Domain Names") and the online marketplace accounts identified in Annex "A" (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS PLAINTIFF's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of PLAINTIFF's federally registered copyright (the "PLAINTIFF's Copyright") to residents of Illinois. In this case,

1

PLAINTIFF has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the PLAINTIFF's Copyright. *See* Docket No. [8], which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing and/or infringing versions of the PLAINTIFF's Copyright. A list of the PLAINTIFF's Copyright is included in the below chart.

| Copyright Registration No. | Date of Registration | Date of First Publication |
|---|---|---|
| VA 2-404-290 | May 25, 2024 | January 26, 2022 |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because PLAINTIFF has presented specific facts in the Declarations of Wenjie Xie in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the PLAINTIFF's Copyright or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PLAINTIFF product or

       not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF's Copyright;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF's Copyright;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which bear any of PLAINTIFF's Copyright, including the PLAINTIFF's Copyright, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. PLAINTIFF is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court or until the Order expires, whichever occurs earlier.

5.  Upon PLAINTIFF's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to PLAINTIFF expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing and infringing goods using the PLAINTIFF's Copyrights.

7. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Annex "A" hereto, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

8. PLAINTIFF may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to any e-mail addresses provided for Defendants by third parties with the above relevant documents. The Clerk of the Court is directed to issue a single original summons in the name of "the Entities and Individuals Identified in Annex 'A' of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute

notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. PLAINTIFF must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

10. PLAINTIFF's Sealed Complaint and Exhibits/Declarations, Annex "A" to the Complaint, PLAINTIFF's Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, temporary asset restraint, and expedited discovery, and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Within seven (7) calendar days of entry of this Order, PLAINTIFF shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered at 9:45 A.M. on this 27th day of Novembe 2024 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by December 4, 2024.

_____
Judge Elaine E. Bucklo
United States District Judge

**ANNEX A**

| Line No. | Defendant / Seller Alias / Defendant Internet Store |
|---|---|
| 1 | atelierantheia |
| 2 | Akmoler Pro Seller |
| 3 | Ruziyoog flash deals |
| 4 | Xecvkr |
| 5 | Wibazai |
| 6 | HKEJIAOI |
| 7 | LIG87 |
| 8 | bmange |
| 9 | FANX |
| 10 | shenzhenshinanchengdi |
| 11 | Electricseller |
| 12 | YULANBI |
| 13 | UsDCYM |
| 14 | SHIMELE |
| 15 | PeiBaiShun |
| 16 | DDGXJGI |
| 17 | Anckoeil Fashion Home |
| 18 | Yishangzhng |
| 19 | WKWeiS |
| 20 | LUOzoyuans |
| 21 | Zelnk |
| 22 | yanmin |
| 23 | XINDISNusfo |
| 24 | Vxdvou |
| 25 | Konghyp |
| 26 | Tiitstoy |
| 27 | TFHENGQQ |
| 28 | Tepsmf |
| 29 | Teissuly Direct |
| 30 | Taylonsss |
| 31 | tainini |
| 32 | YINAVEN |
| 33 | LYUCRAZ |
| 34 | SHENZHENSHIJIANGJINGWANJUYOU XIANGONGSI |

| | |
|---|---|
| 35 | SHENZHENSHI kaixiangyu jiajuyongpinyouxianGONGSI |
| 36 | Saleteraj |
| 37 | Ruhiku GW |
| 38 | SHenZHenShiTAIdiwanjuyouxianGONGSI |
| 39 | ZUOZUOFANGQAQ |
| 40 | DMDUOU |
| 41 | aqiobi |
| 42 | RBCKVXZ |
| 43 | ZhenYou |
| 44 | KINPLE |
| 45 | COFEST |
| 46 | YuXinYangWan |
| 47 | QuLuJing |
| 48 | QiYiyou |
| 49 | LMEEOR |
| 50 | Momihoom |
| 51 | miaomiaoke |
| 52 | maqinghe |
| 53 | lilixerw |
| 54 | Krqap |
| 55 | JGJJUGN |
| 56 | Ihhxbz |
| 57 | Hxlamzoo |
| 58 | Hong Rui |
| 59 | Herunwer |
| 60 | Dadatutu |
| 61 | Asdbhguybd |
| 62 | Keeplus |
| 63 | sztgfjh |
| 64 | PNNJI |
| 65 | Somuwie |
| 66 | dvypyn |
| 67 | Xivone |
| 68 | Vecoauto |
| 69 | qingjinzhou |
| 70 | Naittoop Home Clearance Outlet |
| 71 | jesbnX Co.Ltd |
| 72 | Shenzhenshiyuehailemaoyiyouxiangongsi |
| 73 | toagogke |

9

| | |
|---|---|
| 74 | FanDongXiong |
| 75 | DengGuang |
| 76 | CTEEGC |
| 77 | Zhangfdh |
| 78 | YsJXD |
| 79 | Yangkai |
| 80 | Demurecandle |
| 81 | Unique People |
| 82 | Unique Gift |
| 83 | SZX |
| 84 | Sungardena |
| 85 | StrongerA |
| 86 | Smart and xiaosa |
| 87 | Ryingxin Top |
| 88 | Qzw shop |
| 89 | Odavi |
| 90 | PP Home goods |
| 91 | lucky draw |
| 92 | Liu and Binbin |
| 93 | JubilantOne |
| 94 | GXSJ |
| 95 | GUGONG |
| 96 | Fantastic Pendant |
| 97 | ciocoin |
| 98 | Chuang You |
| 99 | bloom The Only You |
| 100 | Auto Accessory |
| 101 | Acrylic keychain keychain Grou |
| 102 | Our Festival Gifts |
| 103 | YWheyi |
| 104 | SHEIN HOME |
| 105 | Kimvino |
| 106 | Joyfuljewelrykjc |
| 107 | Hly-At |
| 108 | Happy Family777 Store |
| 109 | Good Lucky7 Store |