**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WENJIE XIE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",**<br><br>Defendants. | **Civil Action No.: 24-cv-11674**<br><br>**Honorable Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Young B. Kim** |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**</u>

Plaintiff, Wenjie Xie ("Plaintiff"), by and through its counsel, submits this Memorandum in support of its Motion for Entry of Preliminary Injunction.

**I.      INTRODUCTION**

Plaintiff respectfully moves for a Preliminary Injunction against Defendants named in Plaintiff's Complaint for copyright infringement pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101 et seq. (17 U.S.C. § 501). As alleged in the Plaintiff's Complaint, Defendants are offering for sale and/or selling unauthorized and unlicensed products that are direct copies or derivatives of Plaintiff's copyrighted work ("Infringing Products"), U.S. Copyright Reg. No. VA2404290, hereinafter referred to as the "Plaintiff's Copyright". Plaintiff's Copyright is attached as **Exhibit A**.

1

## II.    STATEMENT OF FACTS

Plaintiff makes and sells art and paintings bearing Plaintiff's Copyright to consumers. *See* Declaration of Wenjie Xie at ¶ ¶ 2, 3, and 6. Plaintiff is the author and owner of Plaintiff's Copyright. *See* **Exhibit A**. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting products bearing Plaintiff's Copyright. *See* Declaration of Wenjie Xie at ¶ ¶ 7-10. As a result, Plaintiff's Copyright is recognized and associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. The widespread fame, outstanding reputation, and goodwill associated with the gemstone painting has made Plaintiff's Copyright an invaluable asset of Plaintiff.

On November 27, 2024, this Court entered a Temporary Restraining Order ("TRO") against Defendants. (Dkt. No. 12). The TRO included a temporary injunction, a temporary asset restraint, and expedited discovery. (Dkt. No. 12). The TRO was also extended on December 4, 2024. (Dkt. No. 17).

Here, Plaintiff respectfully requests that this Court convert the TRO into a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## III.    ARGUMENT

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3)

the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

In this case, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction because this Court has already found the requirements for a preliminary injunction to be satisfied and the equitable relief sought remains appropriate.

**A.     This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.**

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted).

First, as addressed in Plaintiff's Memorandum in Support of its TRO (Dkt. No. 7), there is a reasonable likelihood that Plaintiff will succeed on the merits. Here, Plaintiff is the owner of Plaintiff's Copyright. *See* **Exhibit A**. The Infringing Products incorporate and look similar to, if not identical to, genuine Plaintiff Products. Here, the Infringing Products incorporate and copy Plaintiff's Copyright and are considered unlawful copies and derivatives, and infringing use of the distinctive creative content found in Plaintiff's Copyright. As provided in the Complaint and Plaintiff's Memorandum in Support of its TRO, an example of Defendants' Infringing Products is compared to Plaintiff's Copyright, and Plaintiff provided screenshot evidence for Defendants' Infringing Product. (Dkt. No. 7).

Second, Plaintiff has suffered irreparable harm. Defendants' Infringing Products deprive Plaintiff of the ability to control the creative content of their copyright, devalues Plaintiff's Copyright by associating it with inferior goods, and undermines the value of the copyright by

creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and market for existing work. *See* Declaration of Wenjie Xie. Accordingly, Plaintiff has established that it will continue to be irreparably harmed by Defendants' infringing conduct if a preliminary injunction is not entered.

Third, the balance of hardship remains in Plaintiff's favor. As willful infringers, evidenced by their anonymous nature and virtual identical copying, Defendants "would suffer no harm from being enjoined from violating the law." *Luxottica Grp. S.p.A. v. Hao Li*, 2017 WL 621966, at \*6 (N.D. Ill. Feb. 15, 2017). On the other hand, Plaintiff faces continued irreparable harm and significant financial impact should Defendants remain offering for sale and selling their Infringing Products, as described above. As a result, the balance of hardship remains in Plaintiff's favor.

Finally, the issuance of a preliminary injunction against Defendants remains in the public interest. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). Although Defendants may argue such injunctive relief preemptively destroys their business before they had the opportunity for a full hearing on the merits, courts in this Circuit have held if they are going "to accept the going-out-of-business argument, a blatant copyright infringer 'would be encouraged to go into an infringing business because it can later argue to a court that enjoining the blatant infringement would sink the business'…[w]e do not accept such reasoning." *In re Aimster Copyright Litigation*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002) (citations omitted). Thus, the protection of Plaintiff's Copyright is in the public interest.

4

In sum, by virtue of this Court's entry of the TRO, it has already found that the above requirements for a preliminary injunction have been satisfied. Thus, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction.

### B.      The Equitable Relief Sought Remains Appropriate.

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright..." 17 U.S.C. § 502. In relief, Plaintiff seeks a preliminary injunction enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products. Furthermore, Plaintiff seeks an asset freeze to ensure the availability of permanent monetary relief given the likelihood that Defendants will simply transfer their ill-gotten assets in an attempt to evade any judgment against them entered by this Court. Such relief is explicitly authorized under 17 U.S.C. § 502 and was previously granted in the TRO.

First, the sale restraint is appropriate. To prevent the Defendants from further manufacturing, importing, distributing, offering for sale, and selling Infringing Products, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case. A preliminary injunction is necessary to enjoin Defendants from continuing to violate Plaintiff's copyright rights and causing irreparable harm during the pendency of this action.

Second, the continued asset restraint is appropriate. Plaintiff requests a continued asset freeze so that Defendants' accounts in U.S.-based financial institutions remain frozen throughout the pendency of this litigation. Again, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of this Court. In the absence of a preliminary injunction, Defendants are likely to move any assets to financial institutions in China or other foreign states, rendering any award against them uncollectable.

Essentially, without a preliminary injunction, this Court's TRO will have only delayed Defendants' actions to evade this Court. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

Further, given that Defendants are a group of individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgment is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, *citing O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at \*2 (E.D. Tex. Mar. 21, 2007), where "all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages"). In addition, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze Defendants' assets should be granted to preserve Plaintiff's right to equitable relief.

In sum, this Court has previously granted a sale and asset restraint. No circumstances or facts have changed that would render a sale or asset restraint unnecessary. Thus, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction, extending the sale and asset restraint.

## IV.    CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a Preliminary Injunction enjoining Defendants from further infringement and extending the asset restraint granted in the TRO.

DATED: December 16, 2024                      Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*