IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WENJIE XIE,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX "A",**<br><br>　　　　　　　　　　Defendants. | **Civil Action No.: 24-cv-11674**<br><br>**Honorable Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Young B. Kim** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Wenjie Xie ("PLAINTIFF") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Annex A to the Complaint and attached hereto ("Defendants") and using at least the domain names identified in Annex A (the "Defendant Domain Names") and the online marketplace accounts identified in Annex A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS PLAINTIFF's Motion in part as follows.

This Court finds PLAINTIFF has provided notice to Defendants in accordance with the Temporary Restraining Order [DOCKET NO. 12] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and

operating e-commerce stores that target United States consumers using one or more seller alias, offer shipping to the United States, including Illinois, and stand ready, willing, and able to sell and ship products using infringing versions of PLAINTIFF's federally registered copyright (the "PLAINTIFF Copyright") to residents of Illinois. In this case, PLAINTIFF has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the PLAINTIFF Copyright. *See* Docket No. [7], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to sell and ship its infringing goods to customers in Illinois bearing infringing versions of the PLAINTIFF Copyright.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of PLAINTIFF's previously granted Motion for Entry of a TRO establishes that PLAINTIFF has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that PLAINTIFF will suffer irreparable harm if the injunction is not granted. Furthermore, PLAINTIFF has proved a *prima facie* case of copyright infringement. Defendants' continued and unauthorized use of the PLAINTIFF Copyright irreparably harms PLAINTIFF through diminished goodwill and brand confidence, damage to PLAINTIFF's creative content, damage to PLAINTIFF's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, PLAINTIFF has an inadequate remedy at law. Moreover, the public interest is served by entry of this

Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the PLAINTIFF Copyright or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Copyright;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF Copyright;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which bear any of PLAINTIFF's

   copyrights, including the PLAINTIFF Copyright, or any reproductions, infringing copies, derivative copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon PLAINTIFF's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to PLAINTIFF expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the PLAINTIFF Copyright.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Annex A hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. PLAINTIFF may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website or by sending an e-mail, with the relevant documents, to any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX 'A'" that shall apply to Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. All sealed documents are to be unsealed, including Annex A to the Complaint [2], Plaintiff's Sealed Complaint [6], Plaintiff's Sealed Motion for *Ex Parte* Temporary Restraining Order [7], and the Sealed Temporary Restraining Order [12].

9. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The $10,000.00 bond posted by PLAINTIFF shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Judge Elaine E. Bucklo
United States District Judge

Dated: 12/20/2024

# Annex A

| Line No. | Defendant / Seller Alias / Defendant Internet Store |
|---|---|
| 1 | atelierantheia |
| 2 | Akmoler Pro Seller |
| 3 | Ruziyoog flash deals |
| 4 | Xecvkr |
| 5 | Wibazai |
| 6 | HKEJIAOI |
| 7 | LIG87 |
| 8 | bmange |
| 9 | FANX |
| 10 | shenzhenshinanchengdi |
| 11 | Electricseller |
| 12 | YULANBI |
| 13 | UsDCYM |
| 14 | SHIMELE |
| 15 | PeiBaiShun |
| 16 | DDGXJGI |
| 17 | Anckoeil Fashion Home |
| 18 | Yishangzhng |
| 19 | WKWeiS |
| 20 | LUOzoyuans |
| 21 | Zelnk |
| 22 | yanmin |
| 23 | XINDISNusfo |
| 24 | Vxdvou |
| 25 | Konghyp |
| 26 | Tiitstoy |
| 27 | TFHENGQQ |
| 28 | Tepsmf |
| 29 | Teissuly Direct |
| 30 | Taylonsss |
| 31 | tainini |
| 32 | YINAVEN |
| 33 | LYUCRAZ |
| 34 | SHENZHENSHIJIANGJINGWANJUYOU XIANGONGSI |
| 35 | SHENZHENSHI kaixiangyu jiajuyongpinyouxianGONGSI |

| | |
|---|---|
| 36 | Saleteraj |
| 37 | Ruhiku GW |
| 38 | SHenZHenShiTAIdiwanjuyouxianGONGSI |
| 39 | ZUOZUOFANGQAQ |
| 40 | DMDUOU |
| 41 | aqiobi |
| 42 | RBCKVXZ |
| 43 | ZhenYou |
| 44 | KINPLE |
| 45 | COFEST |
| 46 | YuXinYangWan |
| 47 | QuLuJing |
| 48 | QiYiyou |
| 49 | LMEEOR |
| 50 | Momihoom |
| 51 | miaomiaoke |
| 52 | maqinghe |
| 53 | lilixerw |
| 54 | Krqap |
| 55 | JGJJUGN |
| 56 | Ihhxbz |
| 57 | Hxlamzoo |
| 58 | Hong Rui |
| 59 | Herunwer |
| 60 | Dadatutu |
| 61 | Asdbhguybd |
| 62 | Keeplus |
| 63 | sztgfjh |
| 64 | PNNJI |
| 65 | Somuwie |
| 66 | dvypyn |
| 67 | Xivone |
| 68 | Vecoauto |
| 69 | qingjinzhou |
| 70 | Naittoop Home Clearance Outlet |
| 71 | jesbnX Co.Ltd |
| 72 | Shenzhenshiyuehailemaoyiyouxiangongsi |
| 73 | toagogke |
| 74 | FanDongXiong |

| 75 | DengGuang |
|---|---|
| 76 | CTEEGC |
| 77 | Zhangfdh |
| 78 | YsJXD |
| 79 | Yangkai |
| 80 | Demurecandle |
| 81 | Unique People |
| 82 | Unique Gift |
| 83 | SZX |
| 84 | Sungardena |
| 85 | StrongerA |
| 86 | Smart and xiaosa |
| 87 | Ryingxin Top |
| 88 | Qzw shop |
| 89 | Odavi |
| 90 | PP Home goods |
| 91 | lucky draw |
| 92 | Liu and Binbin |
| 93 | JubilantOne |
| 94 | GXSJ |
| 95 | GUGONG |
| 96 | Fantastic Pendant |
| 97 | ciocoin |
| 98 | Chuang You |
| 99 | bloom The Only You |
| 100 | Auto Accessory |
| 101 | Acrylic keychain keychain Grou |
| 102 | Our Festival Gifts |
| 103 | YWheyi |
| 104 | SHEIN HOME |
| 105 | Kimvino |
| 106 | Joyfuljewelrykjc |
| 107 | Hly-At |
| 108 | Happy Family777 Store |
| 109 | Good Lucky7 Store |